A. A. Davis, *et al.* v. T. J. Fitzmaurice.

(Filed September 8, 1905.)

TESTIMONY—Weight of. Where the testimony given on the trial of a case is conflicting, this court will not attempt to determine the weight to be given to the same.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*Doyle & McGraw* and *Cowley & Johnson,* for plaintiffs in error.

*J. W. Quick,* for defendant in error.

Opinion of the court by

Gillette, J.: This action was brought in the district court of Noble county by the defendant in error to recover and quiet the title to four certain lots in the city of Perry, O. T. The petition alleges the deed to have been procured from the plaintiff by one of the defendants, by fraud and misrepresentation, and that the consideration had wholly failed;

which consideration was a deed and conveyance to plaintiff of territory of the state of Kansas in and to certain patent right, which territory had a short time previous been already conveyed to another party; that the defendants had bought an interest in said property with knowledge of the fraud; and that during all the time the plaintiff was the owner and in possession of the property, and that this particular property was not described in the deed conveying the same, because of the fact that said deed did not show the block in which the lots in question were situated

The plaintiffs in error answered alleging that the defendant, A. A. Davis, to whom said deed was made, went into possession of said premises at the date of said deed, and remained in possession up to the time of making the conveyance to the other defendants, E. D. and B. M. Davis; that there was no failure of consideration in the conveyance of defendant in error, Fitzmaurice, to the plaintiff in error, A. A. Davis; that said Davis paid therefor the sum of $300.00, fifty dollars in cash, and two hundred and fifty dollars in shaft locks, articles manufactured under said patent, which consideration had never been returned.

The defendants, E. D. Davis and B. M. Davis filed in said cause a cross petition charging that there was a clerical error on the part of the notary drafting said deed; that the description therein was defective in not mentioning and setting forth the block in which said lots were located, and they pray a reformation and correction of the same in that respect.

The reply was a general denial, denying all the allegations in the answer inconsistent with the statements of the petition. The deed of territory under said patent was tendered back.

On the issue so joined the case was tried to the court without the intervention of a jury, and judgment rendered quieting the title to the property in the plaintiff Fitzmaurice, and requiring him to pay into court for the benefit of defendants the sum of fifty-eight dollars and fifty cents found by the court to have been received by Fitzmaurice from A. A. Davis, fifty dollars of the above amount having been furnished to Fitzmaurice by Davis to enable him to start business in the state of Kansas, and eight dollars and fifty cents was for money received by plaintiff on the sale of fifteen shaft locks, which had also been furnished by Davis, the unsold shaft locks having been returned by plaintiff to defendants.

No brief has been filed in this court by the defendant in error, and the brief of plaintiff in error presents no question for the determination of this court other than that the judgment of the court below was not supported by a preponderance of the testimony, or, in other words, what weight and effect shall be given to certain parts of the evidence.

The testimony is conflicting upon every proposition presented.

This court has too often declared to require citation, that it is not its province to weigh conflicting testimony and measure thereby the correctness of the judgment of the court below. The trial court with the witnesses and parties before it has the better opportunity to weigh and give credence to testimony.

Following this oft repeated determination the judgment of the trial court must be affirmed with costs.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.